### TEXAS & PACIFIC RAILWAY COMPANY v. MARY SMITH.

#### Decided January 14, 1905.

**1.—Carrier of Passengers—Authority of Ticket Agent.**

A railroad station ticket agent, whose duty it is to sell tickets upon payment therefor, had not implied authority to give any binding assurance to a passenger who had lost her through ticket, purchased elsewhere, that the train conductor would carry her on to the end of her journey without the exhibition of a ticket, and upon her statement of its loss.

**2.—Same—Loss of Ticket—Ejectment of Passenger.**

A railway company is not liable in damages for the action of its train conductor in putting off the train, for nonpayment of fare, a passenger who claimed that she had lost her ticket, nor did it avail that she claimed that her trunk had been checked on the ticket, and was in the baggage car, with offer to identify it, as she could have sold the ticket after the trunk was checked.

**3.—Same—Tender of Security for Fare.**

The conductor was not bound to accept the passenger's offer of her watch and rings as a pledge of the payment of her fare upon reaching her destination, as such offer was not tantamount to the presentation of a ticket or the tender of money.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*T. J. Freeman* and *Hale, Flippen & McCormick*, for appellant.—1. A ticket agent whose business it is to sell tickets for the rate of fare charged by the railway company between points covered by the tickets sold, is not presumed to have authority to give a passenger the right to ride free, or to enter into an agreement, binding on the railway company, that a passenger can board a train and ride without paying fare; and, unless such authority in said agent is alleged in plaintiff's petition, the petition seeking to establish liability under such a promise is not sufficient. American and Eng. Ency. of Law, "Agency," topic 6, subheading 4; Young v. Lewis, 9 Texas, 77; Moody & Benge v. Jewell, 28 Texas, 547; Lewis v. Hatton, 86 Texas, 535; Bonner v. Wiggins, 52 Texas, 128.

2. A passenger conductor is not required by law to accept jewelry as a pledge for the future payment of fare from a passenger who explains that she has lost her ticket, and such a tender, regardless of the value of the jewelry offered, does not relieve the passenger of the necessity of having a ticket, or having to pay fare in order to require the railway company to carry her on its train. Breen v. Railway Co., 50

Texas, 45-48; Crawford v. Railway, 26 Ohio, 580; also authorities cited above.

*Kearby & Kearby,* for appellee.—Appellee made a sufficient showing to the conductor of her right to ride on the train. Railway v. Pruitt, 9 Texas Ct. Rep., 709; Railway v. Wood, 55 L. R. A., 536; Railway v. Bond, 62 Texas, 445. The ticket is simply evidence of a contract; it is a receipt. 30 N. E. Rep., 424; 15 Pac. Rep., 899.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellant damages alleged to have been sustained by her by reason of having been wrongfully ejected from one of its passenger trains by the conductor in charge thereof. The case was tried by the court without a jury, and judgment rendered for appellee in the sum of $350, from which appellant has appealed.

It appears that on July 18, 1903, appellee purchased of the agent of the Fort Worth & Rio Grande Railway Company at Granbury, in Hood County, Texas, a ticket entitling her to transportation over appellant's line of railway from Fort Worth to Dallas. When she arrived at Fort Worth, and while waiting at the depot for the departure of appellant's train for Dallas, upon which she intended taking passage, she lost her pocketbook, containing her railroad ticket, trunk check and all the money she had with her. She testified, in substance, that when she discovered that she had lost her ticket and money she went to the ticket agent of appellant at Fort Worth and informed him of her loss, and that he told her to see the conductor—that the conductor would make it all right, and that she could go all right; that she tried to see the conductor before boarding the train, but failed to do so; that after the train left Fort Worth, and when the conductor came into the car in which she was riding, taking up tickets and collecting fares, she stated to him that she had lost her ticket and money, and what the ticket agent at Fort Worth had said to her; that the conductor told her that he would have to put her off, and she then told him she was sick, and wanted to go on to Dallas, if it was possible; that her trunk had been checked at Granbury, and was then in the baggage coach, with her name on it, and that she could identify it, and offered to do so. That the conductor did not seem to pay much attention to what she said, and she then offered him her bracelet, watch and ring, which were of the value of forty or fifty dollars, to be held as security for her fare until the next day, when she would pay the same and redeem her property; that the conductor refused all of her overtures, and said he would have to put her off at Handley; and when that station was reached, rather than to be put off, she left the train. Appellee further testified, on cross-examination, in effect, that the ticket agent at Fort Worth did not tell her to get on the train and did not tell her that the conductor would carry her to Dallas without a ticket.

The trial court did not file conclusions of law and fact, but we presume its action was based upon one or both of the following propositions, viz: First, that the statement made to appellee by appellant's ticket agent at Fort Worth, with a knowledge of the fact that she had lost her ticket,

was sufficient to constitute a binding contract on appellant to transport appellee on its cars to Dallas without the exhibition of a ticket or the payment of fare. Second, that appellee furnished to the appellant's conductor, who ejected her from its train, sufficient and satisfactory evidence of her right to be carried as a passenger.

Appellant challenges the correctness of these propositions, and insists that the judgment should be reversed and here rendered for it.

If it should be conceded that the agency of appellant's ticket agent at Fort Worth was of such character as to bind the company by a contract made with a person desiring transportation over its road, to the effect that such transportation would be furnished without the production of a ticket or payment of fare to the conductor, still it may well be doubted whether the evidence in this case shows such a contract. It will be noted that while appellee testified on her examination in chief that the agent told her to see the conductor, and "that he (the conductor) would make it all right, and that she could go all right," yet on cross-examination she testified that the agent did not tell her to get on the train, and did not tell her that the conductor would carry her to Dallas. There is much force in the argument, we think, that the only interpretation of which the agent's language is susceptible is that appellee was thereby referred to the conductor for information in her dilemma, and the expression of his opinion that an explanation of her condition to the conductor would result in his consent to allow her passage without the payment of fare or the exhibition of a ticket, but that such an arrangement would have to be made, if made at all, with the conductor and at his discretion. But, however this may be, we are of the opinion that the evidence fails to show that said agent had any authority to bind appellant by any such directions given to or agreement made with appellee for transportation over its road, as claimed. It is not contended that the agent was invested with express authority to so speak and act for appellant, and we do not think it appears that he was acting within the scope of his apparent authority. The undisputed evidence shows that this agent was simply a ticket agent, whose duty it was to sell tickets to passengers upon the payment of the fare charged for the desired transportation. This was the obvious, as well as the clearly established, purpose of his agency, and his implied authority will be limited to acts incident thereto and of a like nature. To advise a person desiring to be carried over appellant's line of road, that he or she could ride on its train without a ticket, or the payment of fare, as was the effect of the statement claimed to have been made to appellee in this instance, was not only an act inconsistent with the nature of this agent's duty to sell tickets, but directly opposed to the obvious purpose of his employment and outside of the scope of his apparent authority. There is no evidence whatever showing that such an agent of appellant at Fort Worth or at any other station or place was in the habit of advising passengers who had lost their tickets, in the manner as is claimed was done in this instance, or that he was authorized to do so. On the contrary, appellant's agents, who had represented it in the capacity of ticket agent at Fort Worth at the time appellee

claims to have been directed as she was on the occasion in question and for a time before and since, each testified that he had never at any time made to appellee, or any other person, the statement imputed, and had no authority whatever to do so.

Nor do we think the judgment rendered can be justified and supported on the ground that appellee produced satisfactory evidence of her right to be carried as a passenger and therefore should have been recognized as such by the conductor and permitted to continue her journey to Dallas. A railway company has the right to prescribe reasonable rules for the government of its employes in the conduct of its business upon its trains; and a rule by such company, making it the duty of its conductor to require passengers to pay fare in money or exhibit a ticket as evidence of their right to be carried, is a reasonable regulation and doubtless necessary to guard against imposition, and whether under any state of facts short of a compliance with, or conformity to, such rule on the part of a passenger it should be held that satisfactory evidence had been produced of such right, we need not here decide. But we are of the opinion that it would be the establishment of an unreasonable and dangerous precedent to hold that appellant is liable in damages for the expulsion of appellee from its train under the facts and circumstances of this case. That appellee was a truthful and worthy lady does not alter the case. She was unknown to appellant's conductor, and her verbal representations were entitled to no more weight than any other person similarly situated, and had he made an exception in her case it would have been no less a violation of his duty. Appellee's offer to identify her trunk and show that the same had been checked at Granbury for transportation to Dallas and her ability to do so is of no real importance or practical value, as evidence of her right to transportation and in determining appellant's liability for damages in ejecting her from its trains. That appellee purchased a ticket at Granbury for Dallas, upon which her trunk was checked to the latter point, furnishes but a weak and certainly unsatisfactory circumstance in corroboration of her verbal statement that she had lost her ticket. That she did in fact so purchase her ticket and check her trunk may be admitted, and yet upon her arrival at Fort Worth she might have sold the unused portion of the ticket and the transportation of her trunk remained unaffected thereby. We do not say that the evidence shows that this was done; but that such disposition of appellee's ticket could have been made without interfering with the transportation of her trunk, can not be denied. Hence, the presence of the trunk on appellant's train, checked to Dallas, at the time appellee's ticket or fare was demanded, was not inconsistent with the idea that her ticket may have been sold, and the argument serves to demonstrate the uselessness of that fact in determining the question at issue. The conductor was not required to accept appellee's offer of jewelry as a pledge of the payment of her fare upon reaching her destination. Such offer was not tantamount to the presentation of a ticket or tender of money, and is of no consequence in determining the question before us.

We think the case of Railway v. Pruitt, 9 Texas Ct. Rep., 709, upon

which it seems appellee's counsel mainly relies, is not in point. It follows from what has been said, that, in our opinion, the evidence did not warrant a judgment in appellee's favor and this conclusion renders it unnecessary to consider assignments raising other questions.

The judgment of the court below is reversed and judgment here rendered for appellant.

*Reversed and rendered.*