Appellee brought this suit against the railroad company to recover damages on account of the latter's failure to properly construct and maintain necessary culverts and sluices to control surface water, and alleged negligence in making ditches and excavations, thereby creating reservoirs which filled up with water which percolated on to the plaintiff's land and injured his crops. The plaintiff recovered a judgment for $960, and the railroad company has appealed.
Several objections are urged to the court's charge, none of which are regarded as tenable. By the charge the plaintiff's right to recover was made to depend upon a finding of negligence on the part of the railroad company.
Appellant's contention that it can not be held liable for injuries resulting from percolating water is not regarded as sound. "Any artificial device by which water or other substances of that character are collected or held where, except for such device, they would not be collected or *Page 633 
held, and which may escape either by overflow, percolation or in form of noxious gases upon the premises of another, is a nuisance, and the party creating it or upon whose premises it exists is liable for all the damages that ensue from such escape." (Woods on Nuisance, 2d ed., sec. 116.) This case falls within the rule announced by Mr. Woods. See also Texas P. Ry. Co. v. O'Mahoney, 50 S.W. Rep., 1049, s. c., 24 Texas Civ. App. 635[24 Tex. Civ. App. 635]; Gembler v. Ecterhoff, 57 S.W. Rep., 313.
No error was committed in advising the jury that they could not find for the plaintiff a sum exceeding the amount claimed in the petition, although the jury allowed the plaintiff all that he claimed. (Texas Cent. Ry. Co. v. Burnett, 80 Tex. 530
[80 Tex. 530]; Texas Cent. Ry. Co. v. Stuart, 1 Texas Civ. App. 642[1 Tex. Civ. App. 642]; Texas N. O. Ry. Co. v. Carr, 42 S.W. Rep., 127.) The testimony would have supported a larger verdict, and it was proper to inform the jury that he was restricted to the amount sued for.
Appellant's special instruction No. 2 was correctly refused because, at the instance of appellant, the court gave another special instruction essentially the same as the one that was refused.
There is testimony in the record which supports the verdict. No reversible error has been shown and the judgment is affirmed.
Affirmed.