$491.50 was due plaintiff. The proof shows the balance to be the other way. There are no allegations of fraud or wrongdoing on the part of the defendant. On the record it seems to me that the provableness of defendant's claim in bankruptcy was not an issue in the case.

The judgment should be reversed, with costs to appellant to abide the event.

(_2 Misc. Rep. 466)

## GERARDY v. LOUISVILLE & N. R. CO.

(Supreme Court, Appellate Term. February 4, 1907.)

**1. CARRIERS—CARRIERS OF PASSENGERS—FAILURE TO RUN TRAINS.**

A carrier is not liable for a failure to run its trains in conformity with its published schedule, where the same is not due to its negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1039.]

**2. SAME.**

The taking by a passenger of a ticket does not prove a contract, or impose a duty binding the carrier to have a train ready to start on schedule time; and to maintain an action for its failure to do so the passenger must show a breach either of an express contract or of a legal obligation created by the published time-table.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1039.]

**3. SAME—SPECIAL CONTRACTS—AUTHORITY TO MAKE.**

Neither a ticket agent selling a ticket to a passenger nor a conductor taking up the ticket has authority to make a special contract binding the carrier to carry the passenger on schedule time.

**4. SAME—EVIDENCE SHOWING CONTRACTS—SUFFICIENCY.**

A statement by a ticket agent, on selling a ticket to a passenger, that the train was late, but would make up for lost time and arrive at its destination on time, and a similar statement by the conductor on taking up the ticket, do not establish a special contract binding the carrier to carry the passenger on schedule time.

**5. SAME—DELAYS OF TRAINS—LIABILITY.**

A passenger, who knows that a train, because of a washout, was late when he boarded it, cannot recover because of the carrier's failure to run the train on schedule time, in the absence of proof that the washout was due to its negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1039.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jean Gerardy against the Louisville & Nashville Railroad Company. From a judgment of the Municipal Court, rendered in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Strong & Cadwalder (Arthur C. Patterson, of counsel), for appellant.

House, Grossman & Vorhaus (Louis J. Vorhaus, of counsel), for respondent.

PER CURIAM. This action is brought to recover damages on the ground that the train carrying plaintiff to New Orleans arrived there 2 hours and 20 minutes behind schedule time, and thereby prevented

plaintiff from playing at a concert, at a loss of $400, the price he was to receive. The train was 2 hours and 7 minutes late in arriving at Nashville, where plaintiff got onto it, having been delayed 2 hours and 15 minutes by a washout. The justice gave judgment for plaintiff. Defendant appeals.

The obligation of a carrier to run its trains in conformity to its schedule is not an absolute and unconditional one, for it will not be liable for want of punctuality or failure to comply with its published schedule where such failure is not due to its negligence. The mere taking of a ticket does not of itself prove a contract upon the part of the carrier, or impose upon it the duty, to have a train ready to start at the time at which the passenger is led to expect it. In order to maintain an action for its failure to do so, he must show the breach either of an express contract or of a legal obligation created by its published time-tables or notices; but the advertisement of schedules or time-tables does not impose upon the carrier an absolute and unconditional undertaking to carry the passenger as he may be led by them to expect. Hutchinson on Carriers, § 607; 5 A. & Eng. Ency. of Law (2d Ed.) 586.

Plaintiff seeks to show a special contract to carry plaintiff to New Orleans on the schedule time. He claims he told the ticket agent of his concert, and the necessity of being in New Orleans at 8:30 p. m.; that the ticket agent told him the train was late, but would make up for the lost time, and that it generally arrived on time, and that thereupon plaintiff bought the ticket; that he also told this to the conductor of the train when the latter took his ticket, and that the conductor repeated substantially the same thing. We do not think the ticket agent had any authority to make a special contract for defendant, nor had the conductor. Dresser v. Railway Co., 116 Fed. 381, 53 C. C. A. 559; Railroad Co. v. Cameron, 66 Fed. 712, 14 C. C. A. 358; Railway Co. v. Smith (Tex. Civ. App.) 84 S. W. 852. Their declarations were mere expressions of opinion as to the making up of lost time. The plaintiff knew the train was 2 hours and 7 minutes late when he got on board. The mere fact of the delay does not fasten the charge of negligence on defendant, as there is no proof that the washout was due to any negligence of defendant.

We think the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

DAYTON, J., concurs in result.