## TEXAS CO. v. GIDDINGS.

(Court of Civil Appeals of Texas. Dallas. May 25, 1912.)

**1. NEGLIGENCE (§ 111*)—PLEADING.**

While ordinarily, in an action for negligence, the act done or omitted, and charged to be negligent, must be averred, yet, where from the nature of the case plaintiff would not be expected to know the exact cause or the precise negligent act, and the facts are peculiarly within defendant's knowledge, it is enough in a general way to allege the negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 182–184; Dec. Dig. § 111.*]

**2. TORTS (§ 11*)—IMPOUNDING OIL—DAMAGES FOR ESCAPE.**

One who impounds oil or other substance by artificial methods, as in pipes, from which it escapes, by percolation or otherwise, into and on the property of another, causing damage, is liable therefor, regardless of negligence.

[Ed. Note.—For other cases, see Torts, Cent. Dig. §§ 11, 12; Dec. Dig. § 11.*]

**3. WATERS AND WATER COURSES (§ 104*)—PERCOLATING WATERS.**

The rule that any use by one of the percolating waters beneath his land may not be complained of by an adjoining landowner does not exempt from liability one who by negligence in construction or maintenance of his pipe lines for conducting oil allows it to get into the percolating waters under his land, whereby it gets into the well of an adjoining landowner.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 114; Dec. Dig. § 104.*]

**4. WATERS AND WATER COURSES (§ 107*)—ACTION FOR TEMPORARY INJURY—PETITION.**

The petition for damages to a well from oil escaping from a pipe line on adjoining lands, charging, in its relation of the facts, an injury essentially temporary, and by an amendment averring that the oil being in his well has deprived him of the use of the water and well for more than a year prior to date, and concluding with a prayer that he recover a certain amount for damages sustained by him up to this date by reason of defendant's negligence in permitting these substances to enter said well, is sufficient for recovery for temporary injury to the well.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 116, 117; Dec. Dig. § 107.*]

**5. WATERS AND WATER COURSES (§ 107*)—ACTION FOR TEMPORARY INJURY—PETITION.**

The petition showing that by defendant's negligence the use of a well on plaintiff's land was for a given time destroyed, and averring that plaintiff by assignment acquired any claim to damages resulting from such negligence to G. and was "entitled to recover for such damages," states a cause of action, and so, in the absence of exception thereto, is sufficient without allegation of the negligence having injured G.'s possession and use of the well.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 116, 117; Dec. Dig. § 107.*]

**6. WATERS AND WATER COURSES (§ 107*)—TEMPORARY INJURY TO WELL—MEASURE OF DAMAGES.**

The measure of damages for temporary injury to a well on a farm making it unfit for use is the actual damages up to the time of trial by being deprived of its use for domestic or farm purposes.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 116, 117; Dec. Dig. § 107.*]

**7. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Any error as to admission of evidence for plaintiff as to damages is harmless, where it cannot be believed that, under the other evidence alone, recovery would have been less.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by Walter Giddings against the Texas Company. Judgment for plaintiff. Defendant appeals. Affirmed.

R. C. Merritt, of McKinney, and Robt. A. John, of Houston, for appellant. Abernathy & Abernathy, of McKinney, for appellee.

RASBURY, J. Appellant as part of its business owns and operates in Collin county an oil pipe line for the purpose of distributing to its customers crude oil for various purposes. The pipes which carry and transport appellant's oil are laid underground. Appellee is a citizen of Collin county and the owner of a tract of farm land upon which there is and has been for many years a well of inexhaustible water, used for watering stock and other farm purposes. Appellee sued appellant in the county court of Collin county, and alleged the facts stated above, and charged, as well, that appellant defectively constructed its pipe line so that in transmitting and conducting its oil therein oil·gas and noxious substances escaped therefrom and flowed and entered into appellee's said well, and permanently injured and destroyed same as a well, so that it could not be used for any purpose, and that such condition would continue; that the water therein was unfit for use for either stock or man and unhealthy; that he was unable to rent his land by reason thereof, nor could he remedy the situation by digging another well, all of which was alleged to be to his damage $999, for which amount he sought judgment.

Appellant answered by general and special exceptions, general denial, and by special plea alleging that, if any oil did escape from its pipes into appellee's well, it was from a sudden and unexpected leak, the result of an unforeseen and unavoidable accident, which was repaired promptly by appellant, and since which time oil had not escaped, and that any injury to the well was only temporary; and that in time the well would return to its normal condition.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Certain exceptions of appellant were sustained by the court, and appellee filed trial amendment, wherein he alleged, in substance, that said pipe line was constructed within 65 yards of appellee's well, and was so defectively constructed that oil, etc., escaped into said well, notice of which was given appellant, but that appellant made no effort to repair same, and permitted said condition to continue; further, that appellee was not skilled in the construction and operation of such a pipe line, but that the appellant was and could remedy the injury to said well by the proper construction of said line; also, that by the conduct of appellant appellee was "deprived utterly of the use of his water, * * * and that the use of the same for farm and domestic purposes is of the value of $999," and that because of oil being in the water "has deprived him of the use of his well for more than one year prior" to the date of the trial of the cause, and "that by reason of being prevented from the use of his well and the use of his water he has been damaged in said sum." Said pleading concludes with the prayer that appellee recover all damages "sustained by him up to this date," and for general relief. In the midst of the trial, and before appellee had concluded his testimony, he requested leave of court to file additional pleading which was granted, and whereupon appellee filed what he denominated his "additional petition," and averred that J. W. Giddings, who the proof shows was appellee's father, had transferred and assigned to appellee "any and all damages and claims for damages which said J. W. Giddings may have or has on account of the damage to the well set out in plaintiff's amended answer and trial amendment and he shows to the court that he is entitled to recover for such damages, if any." The case was tried without jury, and judgment rendered for appellee for $350.

[1, 2] By its first assignment of error appellant complains of the action of the trial court in overruling its exception directed against appellee's original petition, by which it is asserted that appellant is not an insurer of the safety of its pipe line, and, that being true said petition fails to point out wherein defendant has been guilty of any negligence whereby appellee has been injured.

By its second assignment of error appellant complains of the court for overruling its special exception charging that that portion of the petition which alleges that it defectively constructed its pipe line so that oil, etc., escaped therefrom, is vague and indefinite, and does not place it upon notice of the particular defects, or of what proof will be offered under the allegations of the petition.

Under these two assignments of error, the proposition is made, first, that where negligence is alleged generally a special exception demanding particulars should be sustained. Ordinarily, the act done or omitted and charged to be negligent must be averred. Where, however, from the nature of the case the complainant would not be expected to know the exact cause or the precise negligent act and where the facts are peculiarly within the knowledge of the defendant, it is sufficient in a general way to allege the negligence. Appellee alleged that "it (the pipe line) was so defectively constructed that oil, etc., escapes into plaintiff's well, and defendant has so permitted same to be constructed; * * * that plaintiff has called defendant's attention * * * to the escape of (oil) and the defendant has made no effort to correct same; * * * that plaintiff is not skilled in the construction and operation of a pipe line but the defendant is." Here was a charge that, in constructing its pipe line adjacent to appellee's well, it was so defectively done that oil escaped or leaked therefrom and into plaintiff's well, and that appellee was unskilled in the construction and operation of pipe lines, and hence uninformed of what particular defect was causing the leak, which we think was sufficient in view of the fact that knowledge of leaks in its pipes would be peculiarly within the knowledge of appellant. Railway Co. v. Smith, 74 Tex. 276, 11 S. W. 1104; Railway Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608; Railway Co. v. Wilson, 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345. In any event, without reference to the sufficiency of the allegation of negligence and without reference to whether the pipe line was or was not negligently constructed, the appellant would, nevertheless, be liable for any damages that might result to appellee's well from oil or other substances escaping from its pipe line therein for the reason that when oil or other substances are collected or impounded by any artificial method or in pipes as in this case, and escape therefrom by percolation or otherwise into and upon the property of another, and damages result, the person responsible therefor is liable for all such damages. T. & P. Ry. Co. v. O'Mahoney, 24 Tex. Civ. App. 631, 60 S. W. 902; I. & G. N. Ry. Co. v. Slusher, 42 Tex. Civ. App. 631, 95 S. W. 717; Kinnaird v. Standard Oil Co., 89 Ky. 468, 12 S. W. 937, 11 Ky. Law Rep. 692, 7 L. R. A. 451, cc, 25 Am. St. Rep. 545.

[3] Under the foregoing assignments of error, appellant asserts the further proposition that, since subterranean streams of water do not run in well-defined channels, the pollution of the subterranean stream that supplied appellee's well is damnum absque injuria, unless it be shown to have resulted from the negligent and improper use of the adjacent premises. In our opinion the O'Mahoney and Slusher Cases, supra, decide the point against such contention. The rule here invoked as applied in H. &

T. C. Ry. Co. v. East, 98 Tex. 146, 81 S. W. 279, 66 L. R. A. 738, 107 Am. St. Rep. 620, 4 Ann. Cas. 827, cited by appellant, was upon issues and facts wholly dissimilar to those in the instant case. In that case it was held as has long been the rule that the owner of the soil has the right to use without limitation the waters percolating beneath the surface even to the complete depletion of a neighboring landowner's well and to his damage, and that no right of action exists for the damages so entailed, because the existence, origin, movement, and course of subterranean waters are so secret, occult, and concealed that an attempt to administer any set of legal rules in respect thereto would be, among other reasons, impracticable, impossible, and involved in hopeless uncertainty. Unlike that case, the instant case involves the negligence of the appellant in polluting and befouling the subterranean supply by surface methods that could be avoided or removed when discovered. Kinnaird v. Standard Oil Co., supra.

[4] By its third assignment of error appellant asserts that the evidence is insufficient to support the judgment. The first claim under this assignment is that the petition sought to recover for a permanent injury to the well while the evidence developed a temporary injury to the possession and use of the same. This may be true, but we think nevertheless that the pleading alleges and seeks judgment for a temporary injury. By his trial amendment appellee avers "by virtue of said oil, etc., being in said well, has deprived him of the use of his water, and deprived him of the use of his well for more than one year prior to this date, May 4th, 1911," and concludes with the prayer that he recover $999 for "damages sustained by him up to this date by reason of the negligence (of appellant in) permitting these * * * substances to enter said well." Thus it is averred that appellee has been deprived of the use of his well for more than one year prior to May 4, 1911, and seeks judgment for the injury to that date. The pleading in its relation of the facts charges injury that is essentially temporary. In fact, it happens that the facts stated in the pleading come almost precisely within the rule for the recovery of temporary injury. That rule is that in suits for temporary injuries "only such damages as have accrued up to the institution of the suit or to the trial of the action can be recovered." Umscheid v. San Antonio, 69 S. W. 497. We conclude, therefore, that the pleading is sufficient upon which to recover for temporary injury to the well.

[5] It is next claimed that the evidence fails to sustain the judgment of the court because, appellee being neither in the possession nor use of the well, no right of recovery was shown in him, particularly since he was only the owner of the land to which no damage was alleged or shown. This proposition, in the absence of other controlling facts, would be correct. But during the progress of the trial the court permitted appellee to file what he denominates his "additional petition" by which it was alleged that J. W. Giddings had "transferred and assigned to appellee any and all damages or claims for damages which said Giddings may have or has on account of the damage to the well set out in plaintiff's amended * * * (petition) and trial amendment and shows to the court that he is entitled to recover for such damages, if any." Said assignment was executed by J. W. Giddings, and admitted in evidence on the trial of the case. It particularly and correctly described the damages to the well for which appellee was suing. Appellee was not in possession or use of the well, but J. W. Giddings was, and the oil which escaped into and polluted the well damaged him in the use thereof, and not appellee. Now appellant's point of attack is not upon the right of appellee to take over by assignment J. W. Giddings' cause of action, but that the assignment was insufficiently pleaded, in that appellee should have set out that the alleged negligence injured the possession and use of J. W. Giddings and appellee's acquisition of the same. No objection to the sufficiency of the pleading or the manner or time when it was acquired is assigned as error in the brief. The rule is that in the absence of exception, or other appropriate objection by which the proceedings might be halted, there must be sufficient in the pleading as a whole to state a cause of action. It was shown by the pleading that by the alleged act of appellant the use of the well for a given period had been destroyed and that appellee had, in addition to his own cause of action, by assignment acquired any damage resulting from such negligence to his father, J. W. Giddings, and "was entitled to recover for such damages." It seems to us that the pleading as a whole in the absence of exception was sufficient to state a cause of action.

[6] It is also urged by appellant that the court erred in the admission of certain testimony upon which he based his judgment in applying the measure of damages. Having determined that the suit was one to recover damages for temporary injuries, we shall only consider the claimed errors of the court in its application of the rule in suits for damages for temporary injuries which we hold this suit to be, and omit discussion of the rule in suits to recover for permanent injury, which has been discussed by appellant on the theory that the suit was to recover for permanent injury. And on this point we conclude that in the instant case the proper rule is compensation or the actual damages sustained by deprivation of the use of the water for domestic or farm purposes up to the time of the trial. Kinnaird v. Standard Oil Co., supra. This rule we believe is in consonance with the rule stated by Judge-

Williams in Railway Co. v. East, supra, where it is said that the measure of damages for negligently deluging the land of another, without permanently taking it, is the value of the products, etc., destroyed, and the injury done to the land, and not the difference between the value of the land before and after the overflow.

[7] This being the correct rule, we have then to consider the admissibility of the testimony upon which the court rendered judgment for appellee. J. W. Giddings testified that when the oil seeped into his well, and it became unfit for use he hauled from October, 1910, to the date of the trial May, 1911, 200 tanks of water for consumption by his stock at a cost of $1.50 per tank or $300, that he was compelled to pay 25 cents per tank for 60 tanks or $15. Plaintiff bought the tank in which the water was hauled and paid therefor $18, making a total actual expenditure resulting from the pollution of the well of $333. Had the testimony rested at this point, we do not believe it could be successfully said that it did not meet the rule of actual damage or compensation. However, a number of witnesses were permitted to testify what in their opinion would be the value of the use of the well from the time it was befouled up to the day of the trial, and these witnesses testified that it would be worth various sums ranging from $300 to $1,000. To the admission of this testimony appellant objected because it called for the opinion and conclusion of the witnesses. Tested by that rule, but without committing ourselves to its soundness, it may be said that the testimony should have been excluded. At the same time it seems to us that its admission was harmless. If all this testimony had been excluded, can it be said that a different judgment would have been rendered? The judgment was for $350. The actual damage and loss was shown to be $318, which did not include the injury to the well which appellee was entitled to recover as part of his temporary injury. Believing that the testimony complained of, if inadmissible, has resulted in no injury to appellee, it is our duty to overrule all assignments based thereon.

While we have not discussed all the assignments of error in their order, for the reason that the same questions are presented many times in different form, we believe that what has been said covers all questions which the appellant has requested us to pass upon.

Finding no reversible error in the record, the judgment of the trial court is affirmed.