**FORT WORTH & R. G. RY. CO. v. HANCOCK. (No. 1857.)\***

(Court of Civil Appeals of Texas. El Paso. June 3, 1926. Rehearing Denied July 1, 1926.)

**1. Waters and water courses ⬲64—Railroad permitting escape of fuel oil polluting river held liable to proprietor of bathing pool for loss of patronage.**

Railroad, which permitted fuel oil to escape and collect on its premises so that rains carried it to river, *held* liable to proprietor of bathing pool downstream, who owned one mile of river, for loss of patronage and pollution of water.

**2. Waters and water courses ⬲76.**

Damages to proprietor of bathing pool for loss of patronage from pollution of river *held* not so special, speculative, and remote as to preclude recovery.

**3. Waters and water courses ⬲64.**

Railroad's acts in allowing oil to accumulate on premises, causing pollution of river, *held* proximate cause of bathing pool proprietor's damage by loss of patronage.

**4. Waters and water courses ⬲76.**

$300 damages for polluting bathing pool *held* not excessive.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by W. R. Hancock against the Fort Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Chandler & Chandler, of Stephenville, for appellant.

Oxford & Johnson, of Stephenville, for appellee.

HIGGINS, J. Appellee Hancock sued the appellant to recover damages.

The nature of the suit is thus stated in appellant's brief:

"Plaintiff instituted the suit claiming damages due him on account of the accumulation of oil in a bathing pool operated by him, and alleged such accumulation to be due to acts of negligence of the defendant.

"He alleged that he owned land and was a farmer, and that through this land the Bosque river flowed, and that he was owner of one mile of the river; that he operated on his land on the river what is known as Handy's Park; that in connection with the park he maintained a swimming pool in the channel of the river; that he had for the use of the patrons of the bathing pool a house used for the purpose of dressing and undressing, also diving platforms, cables, swing ropes; that the park was lighted by electricity and contained chairs, tables, and other conveniences; that the park and bathing pool were operated for profit; and that his profits per annum except for the season of 1923 were $1,500.

"That defendant is a railway company and maintains in the city of Stephenville an iron tank for the purpose of storing fuel oil, which tank is located along its right of way. That defendant maintains an oil pumping station near the tank and brought oil in tank cars and removed the oil from the cars to the iron tank. That in the operation of taking oil from said cars to said tank defendant at and prior to April 18, 1923, and at intervals continuously from such date has negligently permitted oil to be poured upon the ground near the oil tank and negligently permitted such tank to leak and overflow oil, and permitted such oil to accumulate on the ground. That defendant maintained during such times a ditch from six to eight feet wide on the west and north side of its tracks in Stephenville, and that the ditch passes into a natural drain and that the natural drain passes into the Bosque river.

"That prior to April 15, 1923, large quantities of oil accumulated in the ditch, and thereafter rains fell, and the waters carried the oil in the ditch into the natural drain and from the natural drain into the Bosque river and down the river some several miles to plaintiff's bathing pool, and accumulated on said pool and rendered it unfit for bathing purposes. That the oil collected on the waters of the bathing pool and the patrons refused to bathe therein,

---

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 10, 1926.

and plaintiff thereby lost practically all of his patronage for the bathing season for the year 1923.

"Plaintiff also alleged damages sustained by reason of the oil killing the fish in the river on his premises. That the water became unfit for stock water and that the stock would not drink it.

"That the acts of defendant in permitting the oil to accumulate on said ditch and be carried into said natural drain and from said natural drain into the Bosque river and down said river into plaintiff's swimming pool was negligence and the proximate cause of plaintiff's loss of patronage, killing his fish," etc.

The defendant answered by demurrers, general and special, general denial, and special pleas not necessary to detail. The jury found:

(1) The defendant permitted oil to escape from its tanks and flow into the Bosque river during the floods in 1922.

(2) The defendant was negligent in permitting oil to escape from its tanks and flow into the Bosque river in the spring of 1923.

(3) Such negligence was the proximate cause of plaintiff's injury and damage.

(4) Plaintiff was damaged $300 in 1923, by oil flowing into the river from defendant's right of way and tanks and collecting upon and polluting plaintiff's swimming pool.

In connection with the issues submitted, the court defined negligence, proximate cause, and measure of damages; also gave a special charge requested by defendant.

Judgment was rendered in favor of the plaintiff for $300 and, in accordance with the prayer of the plaintiff, it was further adjudged that the acts complained of constituted a nuisance which was ordered abated and defendant enjoined from permitting oil to accumulate and flow into the river.

[1-3] Under assignments complaining of the overruling of exceptions and the admission of evidence, the appellant presents numerous propositions which in effect assert that the damages sued for are not recoverable because the use of the Bosque river in the manner it was used by the plaintiff was unusual and defendant had no notice of such use, that the damages sued for were special, speculative, and remote, that the acts complained of did not proximately cause the injury and damage, and various other objections. Practically all of the evidence adduced upon the trial seems to have been objected to, and its admission is here assigned as error. We see no occasion to discuss these numerous assignments in detail. They have been considered and are regarded as without merit.

The following authorities sustain the view that appellant has been guilty of actionable wrong in negligently permitting crude oil to escape and collect upon its premises and flow into and pollute the river: Benjamin v. Ry., 49 Tex. Civ. App. 473, 108 S. W. 408; Texas

Co. v. Giddings (Tex. Civ. App.) 148 S. W. 1142.

The charge of the court is not subject to any of the objections urged against it.

[4] We have examined this entire record and reached the conclusion that the evidence abundantly supports the finding and judgment, the assessment of damages is most reasonable, that the case has been fairly tried, and no reversible error is shown.

The judgment is affirmed.