## SOUTHLAND GREYHOUND LINES, Inc., v. ASHBY.

### No. 1343.

Court of Civil Appeals of Texas. Eastland.

Jan. 4, 1935.

Rehearing Denied Feb. 1, 1935.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for appellant.

Lyndsay D. Hawkins, of Breckenridge and Andrew M. Howsley, of Albany, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee against appellant for damages sus-

tained by her by being prevented from boarding a bus on which she was entitled to transportation. Appellee's petition presented four separate causes of action, as follows:

(a) Damages for slander, for which she sought $3,000;

(b) Damages for assault and battery, for which she sought $2,000;

(c) Damages for inconvenience and mental anguish suffered on account of being prevented from boarding the bus after purchasing her ticket, for which she sought $2,000; and

(d) The price of her ticket, which was never used, amounting to $10.65.

■ Appellee, a widow, applied to the agent of appellant at Albany for a ticket to Oklahoma City over appellant's and connecting lines. She was informed by the agent that the price of the ticket was $10.65. According to her testimony and the testimony of those accompanying her to the station, in payment for this ticket she handed $11 to the agent in the form of a $10 bill and a $1 bill. The agent took the money, delivered her the ticket, checked her baggage, and went off to make change so that he could give her back 35 cents. In a short time he returned and gave her the 35 cents. The agent testified that when he went to make the change he left the $11 and the ticket lying on the desk used by him, and that when he returned both the money and ticket were gone. The action for slander was based upon the allegation that the agent then and there openly, in the presence of other persons, accused appellee of stealing the money. It was a sharply disputed issue of fact as to whether the agent made this accusation, and the question was submitted to the jury for its determination. Upon a finding that the accusation was not made, no recovery was had for slander, and that alleged cause of action will not be discussed in this opinion.

■ The cause of action for assault and battery was based upon allegations and testimony that the agent, by physical force and violence, prevented appellee from boarding the bus when it arrived. That was likewise a disputed issue of fact, but no question was submitted to the jury thereon, and no request made for such a submission. Under these circumstances that cause of action was waived, and will not be further noticed. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

The issues submitted to the jury, and upon which the judgment rests, were as follows:

"Question No. 2. Do you find from a preponderance of the evidence that R. A. Smith prevented the plaintiff Mrs. Cora Ashby from boarding the bus which arrived in Albany shortly after she went to the bus station?" To which the jury answered: "Yes."

"Question No. 4. What sum of money, not in excess of $2,000.00, if paid now in cash, would adequately compensate the plaintiff Mrs. Cora Ashby for the injuries, if any, suffered by her by reason of having been prevented from boarding the bus in question, if you find she was prevented from boarding the same?" To which the jury answered: "$2,000.00."

In answer to another issue the jury found that appellee delivered to appellant's agent the sum of $11, and, the evidence being undisputed that he returned to her 35 cents in change, judgment was rendered for $2,010.65, being the amount found in answer to question No. 4, plus the price of the ticket. The appeal is from that judgment.

■ It is first presented that judgment should have been rendered for appellant upon the verdict, because the undisputed evidence shows that R. A. Smith was a ticket agent only, and had no control of the bus, and no right or authority to prevent any one from riding thereon, and his acts in preventing appellee from boarding it, if he did prevent her from so doing, are not binding upon appellant because they were not in the course of his employment, or within the scope of his authority. The cases of Houston & T. C. Ry. Co. v. Bush, 104 Tex. 26, 133 S. W. 245, 32 L. R. A. (N. S.) 1201; Texas & P. Ry. Co. v. Smith, 38 Tex. Civ. App. 4, 84 S. W. 852; Mulligan v. New York & Rockaway Beach Ry. Co., 129 N. Y. 506, 29 N. E. 952, 14 L. R. A. 791, 26 Am. St. Rep. 539, are relied upon in support of this contention. As we view the record, the principle controlling these decisions has no application to the facts of the instant case. The quarrel between appellee and the ticket agent began in his office and continued as he followed her out to the bus. It grew directly out of a transaction in line with the agent's duties. Further, the testimony, if believed, would support the conclusion that the driver of the bus, who was in complete charge thereof, was present and heard the discussion in the street between appellee and the agent, and that, with knowledge of the fact that appellee had a ticket entitling her to transportation, and desired to depart on his bus, he closed the doors and drove away, leaving her standing in front of the station in the main street of the town. The driver owed the duty not to suffer the ticket agent to keep her off his bus. No au-

thority, so far as we know, would exonerate appellant from liability under this state of facts.

The next question presented is that there was no evidence that appellee suffered any damages by reason of having been prevented from boarding the bus in question. The question presented is not that the $2,000 is excessive in amount, but that there was no evidence that she suffered any damages on this account. We cannot agree with this contention. It is true, as contended by appellant, that most of the damages claimed to have been suffered by appellee were on account of the alleged slander and the alleged assault and battery, and that the evidence of damages on account of being prevented from riding is very meager; but we cannot sustain the assignment based upon the claim that there was no evidence of any damages on that account.

■ Only one other question need be discussed. As noted above, appellee sought damages in the sum of $2,000 for injuries sustained by her by reason of having been prevented from boarding the bus. The judgment rests upon a finding that she was damaged $2,000 on that account. The issue submitting the question began in this language: "What sum of money, not in excess of $2,000 * * *" To this issue appellant duly excepted on the following grounds, among others:

"(a) Said issue unduly stresses the sum for which plaintiff sues, and

"(b) Said special issue refers to the sum for which plaintiff sues, such reference being unnecessary and prejudicial, and

"(c) Reference to the sum for which plaintiff sues is suggestive of the amount of recovery, and

"(d) For all such reasons is a comment on the weight of the evidence."

The question presented has arisen many times in this state. In the case of Willis v. McNeill, 57 Tex. 465, the practice is said to be subject to objection. The court thus reasons upon it: "It is a well known fact that it is the almost invariable rule with the pleader, as a mere matter of form, to place the general allegation of damage at an amount far exceeding any reasonable calculation. When, therefore, the jury are told that, if they find for the plaintiffs, they are authorized to give damages not exceeding the amount of formal damages thus laid in the pleadings, they may take such an expression

as an intimation upon the part of the court that the evidence authorized a verdict for the full amount claimed."

The question was again before the Supreme Court in the case of Newman v. Dodson, 61 Tex. 91, where it was disposed of in this language: "In this case the judge did not give any undue prominence to the amount claimed, but stated the rule of law in such manner as to influence them as little as was consistent with his duty in finding their verdict. The effect of this charge as against the defendants could not have been great, as the jury found greatly less than the amount claimed, and not more than they were justified in finding under the evidence."

Again, in Heiligmann v. Rose, 81 Tex. 222, 224, 16 S. W. 931, 13 L. R. A. 272, 26 Am. St. Rep. 804, it was held to be a harmless error in this language: "If the verdict of the jury is for a less amount than they could properly find, under the evidence and pleadings, an instruction that informs them that they cannot exceed a certain amount could result in no injury, and is harmless error."

And, in Texas & Pacific Ry. Co. v. Huffman, 83 Tex. 286, 18 S. W. 741, 743, it was disposed of in this language: "It is not a proper practice for the court, in its charge to the jury, to limit the amount of recovery by the amount claimed in the petition; but a judgment would not be reversed on that account if from the amount of the verdict, and the evidence in the case, it should appear that the error was harmless."

The question has been before various Courts of Civil Appeals. In the case of San Antonio & A. P. Ry. Co. v. Moore (Tex. Civ. App.) 39 S. W. 960, 961, it was disposed of by a statement that: "This will not reverse the judgment, under the circumstances of this case."

In the case of International & G. N. Ry. Co. v. Sein, 11 Tex. Civ. App. 386, 33 S. W. 558, it was held that such a reference in the charge to the amount claimed in the petition will not be ground for reversal, unless it appears that the amount of the verdict was affected by it. In that case the amount sued for was $30,000 and the verdict was for $12,000, and it was held that the verdict was not affected by the charge.

In the case of Missouri, K. & T. Ry. Co. v. Bishop (Tex. Civ. App.) 34 S. W. 323, it was held that: "Considering the facts and the amount of the verdict, we think the court, in submitting the case to the jury, should not

have referred to the amount claimed by the plaintiffs, and used the expression 'not to exceed seven hundred dollars.'"

In the case of Texas & N. O. Ry. Co. v. Carr (Tex. Civ. App.) 42 S. W. 126, the court refused to reverse the judgment on account of this error on the ground that there was nothing to indicate the jury was influenced by the charge.

The question is discussed in International & G. N. Ry. Co. v. Sampson (Tex. Civ. App.) 64 S. W. 692, where it is stated that the practice of instructing the jury to award damages not to exceed the sum claimed has been invariably criticized, and that it amounts to an intimation of the court that in his opinion the jury may allow as much as the sum claimed.

Again, in International & G. N. Ry. Co. v. Slusher, 42 Tex. Civ. App. 631, 95 S. W. 717, 718, the court refused to reverse the judgment on account of this error, it being observed in the opinion that: "The testimony would have supported a larger verdict, and it was proper to inform the jury he was restricted to the amount sued for."

And in Missouri, K. & T. Ry. Co. v. Rich, 51 Tex. Civ. App. 312, 112 S. W. 114, 116, it was disposed of in this language: "In this state of the evidence, the trial court's charge that the verdict should not exceed the sum of $480 was particularly misleading, especially in view of the fact that the verdict actually returned was for that amount. We cannot say that the error was harmless, but are inclined to the view that it improperly influenced the jury in reaching a verdict."

We deduce from these authorities that it is error for the trial court to charge the jury that the verdict should not exceed a named sum. In most of the cited cases the error was held to be harmless. There being an error in the charge, a reversal should follow, unless it affirmatively appears from the record that it was harmless. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Putnam Supply Co. v. Chapin (Tex. Civ. App.) 45 S.W.(2d) 283. Considering the record in the instant case, it certainly does not appear affirmatively to have been harmless, but, on the contrary, it is very probable that injury resulted to appellant therefrom. The evidence discloses that the amount of damages suffered by appellee, exclusive of that suffered by the alleged slander and assault and battery, was small. To say the least, $2,000 was a very generous allowance. The court having in-

formed the jury that any amount could be found not exceeding $2,000, the suggested limit was adopted. In disposing of the assignment now under consideration, it is not material that appellant failed separately to assign that the judgment was excessive. It did assign that there was no evidence of substantial damages, and is not in the attitude of impliedly agreeing that the evidence would support the amount of the award. No reason can be perceived why an issue should name a limit to the amount of damages which the jury should find. So far as the function of the jury is concerned, it is immaterial as to the amount prayed for. If the verdict is for an amount greater than that prayed for, the matter can be taken care of in rendering the judgment. It is now the settled law that it is error to deliver the pleadings to the jury. Putnam Supply Co. v. Chapin (Tex. Civ. App.) 45 S.W.(2d) 283, recently affirmed by the Supreme Court. The harm of informing the jury, through the medium of the court's charge, of the amount of damages prayed for, is more apparent in the ordinary case than in delivering the pleadings to them.

Viewing the record as a whole, it is our opinion that, in all probability, harm resulted from this error. We, therefore, sustain the assignment under consideration and order that the judgment of the trial court be reversed and the cause remanded.