INTERNATIONAL & GREAT NORTHERN RAILWAY CO. v. LOUISA SEIN ET AL.

No. 653.

1. **Railway Company—Degree of Care at Public Crossing.**

It is the duty of a railway company in operating its trains to exercise ordinary care and prudence when approaching public road and street crossings, and a charge of court which imposes the duty of great care under such circumstances is error.

2. **Charge of Court—Error in Requested Charge.**

Appellant cannot complain of an erroneous charge where he requested a charge embodying the same error, although the requested charge was refused.

3. **Pleading—Want of Allegation in Petition Supplied by Defendant's Answer.**

Where it was not alleged in terms in the petition that appellant did not use due care to prevent the accident after the deceased was seen on the track by its employes, the defect, if it was such, was fully supplied by the allegations in appellant's answer, that "defendant's servants used every effort to stop said engine and prevent an accident," in so far as to warrant the admission of evidence of such want of care.

4. **Railway Company—Degree of Care.**

It was not error to instruct the jury that, after deceased was discovered by the employes of the railway company upon the track, "they should have used every effort in their power to avert the accident and stop the engine before it struck him."

5. **Same—Contributory Negligence.**

When through the negligence of a railway company a person is placed in a po-

sit:on which appears to imminently threaten his life, he is not guilty of con-
tributory negligence because, under such circumstances, he fails to make choice
of the best means of saving himself from injury.

**6.  Charge of Court—Amount of Damages Claimed.**

While it is not the proper practice in an endeavor to limit the amount of damages
for the charge of court to call the attention of the jury to the amount claimed in
the petition, yet this will not be ground for reversal unless it appears that the
amount of the verdict was affected by it.

**7.  Contributory Negligence—Proof Not Sufficient.**

Deceased waited in his wagon while a freight train was passing a street cross-
ing, and when the last car had passed, he started to cross the track, when he saw
an engine which was following the train, without giving any signal of its ap-
proach. When deceased saw it, he rose to his feet and was thrown to the track
from the back of the wagon, and was crushed by the engine. Held, that the evi-
dence did not show contributory negligence on the part of deceased.

**8.  Suit in Behalf of Minor—Mother as Next Friend.**

A widow has the right to sue on behalf of her minor children and as their next
friend, for the killing of their father, although, if the shares apportioned to the
children exceed $500, they cannot be paid over to her until she qualifies as guardian.

Appeal from Bexar.  Tried below before Hon. Robt. B. Green.

*Barnard & McGown,* for appellants.—1.  The law only required the
appellant to use reasonable care in approaching Commerce street cross-
ing; it was therefore reversible error for the court to charge the jury
that the law required great care.  Ry. v. Scott, 27 S. W. Rep., 827; Ry. v.
McElmurray, 25 S. W. Rep., 324; Ry. v. McDonald, 75 Texas, 47.

2.  The care used by the company to avoid the accident after discover-
ing Sein's peril, ought not to have been submitted to the jury, for the
issue was not raised, either by the pleadings or evidence in the case.
Ry. v. Younger, 29 S. W. Rep., 949; Ry. v. Scott, 27 S. W. Rep., 827; Ry.
v. Silliphant, 70 Texas, 624; Ry. v. Kuehn, 70 Texas, 583; 2 Am. and
Eng. Ry. Cases, 146.

3.  It is error for the charge to name amount sued for.  Willis v.
McNeil, 57 Texas, 478; Ry. v. Ormond, 62 Texas, 275; Lee v. Yandell,
69 Texas, 37; Ry. v. Huffman, 83 Texas, 287.

*Wright & Summerlin, Clark & Fuller,* for appellees.—1.  There was
negligence on the part of the railway company. Ry. Co. v. Neff, 28 S. W.
Rep., 283; Ry. Co. v. Neff, 26 S. W. Rep., 283; Ry. Co. v. Lowry, 61
Texas, 149; Ry. Co. v. Wilson, 60 Texas, 142; Ry. Co. v. Carson, 66
Texas, 345; Ry. Co. v. Gartner, 29 S. W. Rep., 939; Ry. Co. v. Paras, 29
S. W. Rep., 945; Ry. Co. v. Hanks, 78 Texas, 300; Ry. Co. v. Langford,
29 S. W. Rep., 935; Ry. Co. v. Whittons, 13 Wallace, 270; Ry. Co. v.
Ives, 144 U. S., 408; Ry. Co. v. Powers, 149 U. S., 43; 2 Pierce on
Railroads, 1316-1319.

2.  No contributory negligence on part of the deceased.  Ry. Co. v.
Sheider, 30 S. W., 902; Ry. Co. v. Neff, 28 S. W. Rep., 283; Ry. Co. v.
Duty, 28 S. W. Rep., 463; Turner v. Ry. Co., 30 S. W. Rep., 253; Tabor
v. Ry. Co., 46 Mo., 353.

3.  The appellants having requested a special charge to the effect
"that it was the duty of the defendant railroad company and its agents

and employes to use great care in the operation of its trains when approaching the public road crossings and street crossings,". etc., can not complain upon appeal if such language is used in the main charge. Martin v. Ry. Co., 3 Texas Civ. App., 133; Ry. Co. v. Gillum, 30 S. W. Rep., 697; Am. Digest for 1894, p. 218, and 9 Am. & Eng. Digest, 201, 202; Francis v. Ry. Co., 28 S. W. Rep., 842; Ry. Co. v. Mosely, 56 Fed. Rep., 1009; Alberts v. Vernon, 96 Mich., 549; 55 N. W. Rep., 1022; Beardston v. Smith, 150 Ill., 169 (37 N. E. Rep., 211); Johnson v. Kennedy, 58 N. W. Rep., 122; Richards v. Browsky, 58 N. W. Rep., 277.

4. Facts showing extraordinary danger created by defendants required of them more than ordinary precaution. Cordell v. Ry. Co., 75 N. Y., 330; Ry. Co. v. Commonwealth, 13 Bush (Ky.), 388; 4 Eng. & Amer. Enc. of Law, 919, and note; Railway Co. v. Whittons, 13 Wallace.

5. The appellants' answer made the issue in the pleadings as to whether or not, after the peril of deceased was discovered, the appellants and employes used every effort within their power to avoid the accident. Hill v. George, 5 Texas, 87; Anderson v. Hoxie, 5 Texas, 171; Grimes v. Hagood, 19 Texas, 246.

FLY, ASSOCIATE JUSTICE.—This is a second appeal in this case, the first being reported in 26 S. W. Rep., 788, and 87 Texas, 310. It is a suit brought by appellees, the wife and children of Louis E. Sein, for damages accruing to them by his death, which was caused by an engine belonging to appellant. The judgment appealed from is for $12,000, of which $5000 was given to the wife and the balance divided equally among the seven children.

The following conclusions of fact are fairly deducible from the record:

In May, 1892, Louis E. Sein, the husband of Louisa Sein, and the father of the other appellees, while in the exercise of ordinary care, endeavoring, in company with one Neff, to cross the track of appellant where it crosses Commerce street in the city of San Antonio, was run over and killed by an engine belonging to appellant. The death of Louis E. Sein occurred through the negligence of appellant in running a locomotive closely behind a train that had passed, without giving any signals, and without using proper care to stop the engine when deceased was seen upon the track by its employes. Louis E. Sein was a man forty-four years old at the time of his death, was industrious, was strong and healthy, and could earn four dollars a day.

The following charge was given by the court: "It was the duty of the defendant and its agents and employes to use and exercise ordinary care and prudence in the operation of its trains and engines along and upon its track, and to use great care in the operation thereof when approaching public road crossings and street crossings, and it is its duty when so approaching to sound the bell of the engine continuously." This is objected to as imposing a greater degree of care upon the railroad company when approaching crossings than the law requires, and as being calculated to impress the jury with the idea that in the opinion

of the court proper care had not been exercised. The latter criticism does not call for discussion. There is in the charge no intimation of the opinion of the court. It has been held by the Supreme Court, in an exhaustive opinion delivered by Judge Brown, "that railroad companies, at crossings and such portions of its track as may be commonly used as footways or crossings, which is known to the company, and at which persons may be expected, must use ordinary care to discover their presence and to avoid inflicting injury upon them," and a charge requiring "great care" of the railroad company was held to be erroneous. Railway v. Smith, 28 S. W. Rep., 521. Following this ruling, the judgment must necessarily be reversed, unless appellant has by its requested instructions deprived itself of the advantage of the objection to the charge. The fifth special charge requested by appellant was as follows: "The court charges you that it was the duty of the defendant railroad company, and its agents and employes, to use and exercise ordinary care and prudence in the operation of its trains and engines along and upon its tracks, and to use great care in the operation of said trains when approaching public roads crossings and street crossings, and it was its duty, when so approaching, to sound the bell of the engine continuously for a distance of eighty rods before reaching said crossings; and if you believe from the evidence that the employes of the defendant company, or its receiver, T. M. Campbell, did use great care and prudence in approaching this West Commerce Street crossing at the time of the accident, and did sound the usual signal of ringing the engine bell, then you will find for the defendant." Had the special charge been given, no doubt would exist that appellant would not be in a position to take advantage of the defect in the charge, for the reason that a party will not be allowed to profit by an error into which he has led the court. Does this doctrine apply when a charge is requested, involving the same error of which complaint is made, but it is refused? In all of the authorities, to which reference is made by appellees, the charges were not only requested but given, and we have been unable to obtain an authority in which the direct question has been presented. The broad rule has however been laid down that where a party expressly or impliedly asks that a designated ruling be made he cannot avail himself of that ruling on appeal, although it may be material and may be exhibited by the record. "What a party expressly asks cannot be made available as error without a violation of the plainest principles of law." Elliot App. Proc., secs. 626, 627.

In an Arkansas case an issue as to the employment of a watchman, which was not authorized by pleading or evidence, was interpolated by the charge of the court, and when complained of in the Appellate Court, it is said: "In attacking the instructions of the court in this manner, the appellant obviously failed to call to mind that it asked the court to instruct the jury 'that because the defendant did not keep a watchman is no evidence to charge neglect upon the defendant.' * * * After it had called forth this instruction, it had no right to complain because

the court had given an instruction upon the subject on which it had demanded one." Railway v. Dodd, 27 S. W. Rep., 227.

In this case appellant invited the court to give a charge involving the same error as that in the charge of the court, and repeats and intensifies it, and if requested before the court's charge was given, may have induced the giving of the charge, and if after, was doubtless refused, because in substance already given. It would have a tendency to confirm and strengthen the court in the assumption that the charge was correct. It was a ratification of the act of the court in giving the charge, and appellant has placed itself in a position that a court cannot, by considering his objection, sanction such practice. It does not matter from what cause a ratification of the error arose, the status of affairs would be the same, and this court cannot by its action sanction a rule that would permit a party to profit by action of the lower court induced or sanctioned by him. The objection to the charge, because it did not state the distance from street crossings that the ringing of the bell should be begun, is not well taken. The distance was not an issue, the only issue being that the bell was not rung at all. The appellant could not have been injured by the failure to name the distance at which the ringing should have begun.

The fifth assignment is not well taken. There was testimony justifying the submission of the issue as to the bell having been rung, several witnesses having sworn that they were in close proximity to the crossing and did not hear the bell, and one witness, at least, testifying that the bell was not rung. E. L. Long, a witness for appellant would not testify that the bell was rung continuously.

The fifth assignment of error is without merit. The charge is not, when taken with other portions, open to the criticisms urged against it. The jury were fully instructed as to what effect contributory negligence on the part of deceased would have, and the criticized charge does not permit a verdict for appellees regardless of such contributory negligence. It is also emphasized in a charge requested by appellant, that contributory negligence on the part of deceased would prevent a recovery. While it is not alleged in terms, in the petition, that appellant did not use due care to prevent the accident after deceased was seen on the track by its employes, yet the defect, if any, is fully supplied by the allegation in the answer of appellant, that "defendant's servants used every effort to stop said engine and prevent an accident." There is evidence sufficient to justify the submission of the issue. It was established that an engine running at the speed that it is claimed by appellant that this one was moving at the time of the accident, could be stopped in from two to ten feet, and there is evidence to show that the engine in question went past the crossing at least forty feet.

It is urged that it was error to instruct the jury that after deceased was discovered by the employes of appellant upon the track, they should have "used every effort in their power to avert the accident and stop the engine before it struck said Sein." We do not think this posi-

tion is tenable. In discussing this point, it is said by the Supreme Court, "From the time that danger is seen to be imminent, it becomes the duty of such railway company to use the highest degree of care to arrest it, and a failure to do so will constitute culpable negligence, which may or may not fix liability, as that question may be affected by the contributory negligence of the injured person." Railway v. Hewitt, 67 Texas, 474.

Again, in the same opinion, it is said, "If it be seen that a person is on the track of such a railway company, in advance of its car, it must use such care as will avoid injury to such person, if this can be done; and for a failure to do so, it will be liable for the injury resulting, unless such liability is defeated by the contributory negligence of the injured person. The care requisite to avoid injury in such a case embraces every degree." See also Railway v. Overall, 82 Texas, 247. While it may have been negligent for deceased and his companion to attempt to cross the railroad when they did, yet if the employes saw them on the track before they were struck, it was incumbent on them to use every reasonable effort to stop the engine and prevent the accident, and unless such acts as constitute contributory negligence, occurred between the time when the persons were seen on the track, and the time of the injury, the railroad company will be held liable. It occurs to us that "every effort in their power to avert the accident and stop the engine," would have been the exercise of such care as an ordinarily prudent man would have used under like circumstances. The charge was not upon the weight of the evidence.

The objections to the charge set forth in the sixth, seventh, eighth and ninth assignments of error are hypercritical and without merit. "The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether." Railway v. Neff, 87 Texas, 303.

It is not the proper practice in an endeavor to limit the amount of the damages to call the attention of the jury to the amount claimed in the petition, but this will not be ground for reversal unless it appears that the amount of the verdict was affected by it. The suit was for thirty thousand dollars, and the verdict was for twelve thousand.

We are of the opinion that the verdict is supported by the evidence. A freight train was passing the crossing and Sein and Neff were in a wagon six or seven feet from the track, waiting for it to pass, so they could cross. This was on a street in a city. Immediately after the caboose of the train had passed, Sein and Neff endeavored to cross, and before they could do so, a locomotive following closely after the train, without, as much of the testimony indicates, giving any signal, and without making any effort to stop, rushed over them and crushed

out their lives. The evidence does not show contributory negligence on their part. They did what any ordinarily prudent man would have done under like circumstances in going upon the track. They did not see the engine until it was almost upon them, and in their fright rose to their feet and were thrown from the back of the wagon to the track. The circumstances with which they were surrounded were brought about by the negligence of appellant, and it is responsible, no matter if the accident would not have occurred if deceased had remained in the wagon.

There is no merit in the contention that the judgment is erroneous in permitting the mother to recover for the children as their next friend. Art. 1211, Civil Stats., as amended by the act of February 11, 1893, expressly authorizes minors to bring suits through the next friend, and if the amount of the judgment should be more than $500, the next friend cannot collect the money without qualifying as guardian, as before the passage of the act. Oil Mill v. Thompson, 76 Texas, 598. When the amount does not exceed $500, the next friend can receive it as provided therein. Mrs. Sein, who brought the suit for herself and minor children, can collect the amount apportioned to the children by qualifying as their guardian.

The seventeenth, eighteenth and nineteenth assignments of error are not well taken.

We are of the opinion that there is no reversible error disclosed by the record, and the judgment will be affirmed.

*Affirmed.*

Delivered October 16, 1895.

Writ of error refused.