HENRY et al. v. McCOWN et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1911.)

1. MASTER AND SERVANT (§§ 218, 230*)—INJURY TO EMPLOYÉ—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

A minor employé, in running machinery in a woodyard, did not assume the risk of injury, and was not guilty of contributory negligence in obeying his employer's direction to wrap belting around a revolving shaft; such task not being an ordinary incident to the employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601–609, 687–700; Dec. Dig. §§ 218, 230.*]

2. APPEAL AND ERROR (§ 882*)—INVITED ERROR.

Defendants, having requested submission of an issue of assumed risk, cannot complain on appeal that there was no evidence to support the submission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. MASTER AND SERVANT (§ 218*) — ASSUMPTION OF RISKS—REQUISITES.

To show assumption of a risk by a minor employé, it must appear that he was warned of the danger, the extent thereof, and how to avoid it, and that he had capacity to appreciate it, or that the danger was so apparent that any one should have appreciated it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601–609; Dec. Dig. § 218.*]

4. MASTER AND SERVANT (§ 156*)—WARNING TO EMPLOYÉ—SUFFICIENCY.

General warning to an employé against a danger does not extend to a piece of work, not in the general line of his employment, and directed by the employer to be performed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 311, 312; Dec. Dig. § 156.*]

5. MASTER AND SERVANT (§ 153*) — SAFE PLACE TO WORK—EMPLOYER'S DUTY.

One must furnish a safe and proper place to work for his employé; and when the latter is ordered to perform a certain piece of work

which he has not performed before, such as wrapping belting around a revolving shaft, the employer must warn him of any abnormal danger, especially if the employé is a minor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by J. E. McCown and others against George W. Henry and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

McFarland & Hadden, for appellants. Emmett B. Cocke and B. G. Haskell, for appellees.

FLY, J. A. C. McCown and N. J. McCown, father and mother of J. E. McCown, instituted this suit for themselves and as next friends of the minor, J. E. McCown, to recover damages accruing from injuries inflicted on the latter while in the service of the appellants, E. F. Henry and George W. Henry, in their woodyard in the city of San Antonio. Appellants filed a general denial, and pleaded contributory negligence and assumed risk on the part of J. E. McCown. The cause was tried by jury, and a judgment rendered in favor of J. E. McCown for $4,000 and in favor of A. C. McCown for $100.

[1] J. E. McCown, a minor, was in the employment of appellants in their woodyard in San Antonio, and was engaged in running the machinery therein; his only knowledge and experience of such machinery having been gained during the two months that he had been in the service of appellants. About March 11, 1909, a pulley on the machinery burst, and the minor told G. W. Henry that he ought to get a new pulley, but that was refused, and he was told to get an old piece of belting and wrap it around the shaft in place of a new pulley; the reason for not getting a new pulley being that he did not have time, and that it would cost too much anyway. G. W. Henry got the piece of belting and gave it to the boy, and went with him to the place. The minor endeavored to wrap the belting about the shaft, but could not get it to stay in place, and he was then told to start the machinery slowly, and wrap it while moving. In obedience to that order, the boy got down from the place where the shaft was, nine feet above the ground, which he had to reach by means of strips fastened to a post, and then returned, and while engaged in trying to wrap the shaft the belt slipped and caught on something, either the belt dressing or the shaft, and then suddenly jerked the right arm of the boy around the shaft, and crushed it to such an extent that it was amputated. His face was also cut. J. E. McCown had never performed the kind of work required of him when he was hurt, and did not realize the danger involved in its performance, and did not assume the risk arising therefrom, and was not guilty of contributory negligence in obeying the commands of his employer. He was hurt while performing a duty in the way the master had ordered him, and with the instruments furnished by him.

[2] Not only did the court present the issue of assumed risk fully and fairly to the jury in the main charge, but gave three special charges on that subject, requested by appellants, in which it was reiterated that if the employé knew of the dangers and risks of repairing the pulley, or if the dangers were so open and apparent that one of his age, experience, and capacity would, in the exercise of ordinary care, know and appreciate the dangers, he could not recover, notwithstanding he was a minor, and although he was ordered to perform the work by his master. The risk in wrapping the shaft was not apparent, and the minor knew nothing of it, and could not have known by the exercise of ordinary care. Appellants are in no position to claim that there was no evidence to support a submission to the jury of the question of assumed risk, when they requested the submission of that issue to the jury. The rule that an appellant cannot complain of an erroneous instruction, where he requested an instruction embodying the same error, was first enunciated in this state by this court in Railway v. Sein, 11 Tex. Civ. App. 386, 33 S. W. 558, and was afterwards reiterated in the same case by the Supreme Court (89 Tex. 63, 33 S. W. 215, 558), in answer to a certified question. It has now become the settled law in this state. Poindexter v. Receiver Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Alamo Dressed Beef Co. v. Yeargan, 123 S. W. 721; Railway v. West, 131 S. W. 839; Railway v. Rodriguez, 133 S. W. 690; Alamo Oil Co. v. Curvier, 136 S. W. 1132.

[3] The employé could not, under the facts of this case, have been guilty of contributory negligence, because it was uncontroverted that he was doing exactly what he was ordered by the master to do, and in the manner indicated by him. He did not, under the facts, assume the risk, because the work he was doing was not ordinarily incident to his employment. He had never before been called upon to wrap a moving shaft, and it was not shown that it was customary for an employé in charge of the machinery to wrap shafts when a pulley burst. The hazard arising from wrapping the shaft was not one ordinarily incident to his employment, and if the employé can be held to have assumed the risk it must be on the ground that he undertook the labor outside of his ordinary duties, and thereby assumed the risks arising from such labor. In order to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

hold that the minor assumed such risk, it must appear, either that he was warned of the danger of the work, the extent of such danger, and how to avoid it, and that he had the capacity to appreciate it, or that the danger was so apparent that any one should have known and appreciated the danger. These are questions of fact to be determined by a jury. Railway v. Brick, 83 Tex. 598, 20 S. W. 511; Railway v. Preacher, 59 S. W. 593. It was said in the Brick Case: "It has been held that when a minor attains the age of 14 years he is to be considered, as to the question of his assuming the risks of a dangerous employment, as a person of full age, until the contrary is made to appear by evidence. Nagle v. Railway, 88 Pa. 35 [32 Am. Rep. 413]. But we think the great weight of authority supports a different rule, and that if a servant be under the age of 21 years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury."

[4] The injured party swore that he had never done such work as he was ordered to do, and that he was told to start the machinery and wrap the shaft while it was in motion; that he was not warned as to the danger, and did not realize it. His hand was a foot and a half from the shaft when it was jerked against it. He did not put his hand on or near the shaft. No one swore that the minor was warned as to the danger of wrapping the shaft while the machinery was in motion, and any fears he may have had were doubtless removed by the order of the master to perform the work while the machinery was in motion. A general warning did not reach a piece of work, not in the general line of the duties of the servant, which the servant was ordered by his master to perform. Labatt, Mast. & Serv. §§ 209, 270.

[5] It is the duty of the master to furnish a safe and proper place in which the servant can prosecute his work, and when a servant is ordered by the master to perform a certain piece of work which he had not performed before, and which was attended with danger, it was clearly the duty of the master to warn the servant of the abnormal danger. Especially would this be true when the servant is a minor. Not only was no warning given, but the employé was ordered to do the work, and to do it in a certain way, and while engaged in strictly obeying the order he was injured. Sullivan v. India Mfg. Co., 113 Mass. 396; Labatt, Mast. & Serv. § 438.

The cases of Mitchell v. Oil Co., 51 Tex. Civ. App. 506, 113 S. W. 158, Freeman v. Garcia, 121 S. W. 886, and Krisch v. Richter, 130 S. W. 186, are clearly distinguishable from this case. In all of those cases, the danger was so apparent that any and every sentient being would be chargeable with a knowledge of the danger. Not so in this case.

The evidence was sufficient to show that E. F. Henry held a controlling interest in the woodyard, and was liable for the acts of negligence of his partner or manager, George W. Henry.

The judgment is affirmed.