YELLOW PINE PAPER MILL CO. v. WRIGHT.

(Court of Civil Appeals of Texas. Galveston. Feb. 13, 1913. Rehearing Denied March 13, 1913.)

1. MASTER AND SERVANT (§§ 108, 129*)—NEGLIGENCE—PROXIMATE CAUSE OF INJURY.

While plaintiff was employed in defendant's paper mill as a digester helper, a defective gasket, which was used to prevent the steam and acid vapor in the digester from escaping, blew out, allowing steam that was scalding hot and impregnated with acid to fill the room. Plaintiff, to escape, went to the nearest window, and swung himself outside, holding on to the window sill, and in attempting to turn so that he could jump to a shed near by he fell to the ground and was injured. Held, that the blow-out was due to defendant's negligence in failing to provide a proper and sufficient gasket, and was the proximate cause of plaintiff's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 203, 257–263; Dec. Dig. §§ 108, 129.*]

2. MASTER AND SERVANT (§ 246*)—CONTRIBUTORY NEGLIGENCE—ACTS IN EMERGENCIES.

Plaintiff was not guilty of contributory negligence in placing himself in the position from which he fell.

[Ed. Note.—For other cases; see Master and Servant, Cent. Dig. §§ 789–794; Dec. Dig. § 246.*]

3. MASTER AND SERVANT (§ 224*)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Plaintiff did not assume the risk of the injury received by him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 654; Dec. Dig. § 224.*]

4. NEGLIGENCE (§ 72*)—CONTRIBUTORY NEGLIGENCE—ACTS IN EMERGENCIES.

When one is forced to act hastily and without deliberation to avoid a real or apparent danger caused by the negligence of another, the failure to use the safest means to avoid injury will not charge such person with contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 99, 100; Dec. Dig. § 72.*]

5. MASTER AND SERVANT (§ 291*) — SUBMISSION OF ISSUE NOT PLEADED.

In an action by an employé of a paper mill for injuries received while attempting to escape from a room which had been suddenly filled with scalding hot steam and acid vapor, an allegation in the complaint that "plaintiff, being put in great fear, to save his life or himself from serious bodily injury, and being compelled to act in some way, suddenly made his escape by the only accessible way through a window, etc.," is a sufficient allegation upon which to base a charge which relieved plaintiff of contributory negligence in placing himself in the position from which he fell, if in so doing he acted from fear caused by a reasonable belief that he was in danger of serious bodily harm.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1147; Dec. Dig. § 291.*]

6. NEGLIGENCE (§ 139*)—INSTRUCTIONS—DEFINITION OF TERM.

An instruction that "negligence is the failure to use ordinary care, and ordinary care is such care as an ordinary careful, prudent person would use or exercise under like or similar circumstances," is a sufficiently accurate definition of negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371–377; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

7. MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS AS TO NEGLIGENCE.

An instruction in an action for injuries to a servant that "it is the duty of the employer to furnish to his employés reasonably safe tools and appliances with which to work, and a reasonably safe place in which to work, and any failure on the part of defendant to do either of these would constitute negligence on its part, provided it knew or by the exercise of ordinary care could have known of such unsafeness, and in this connection you are instructed that acts of the foreman of defendant company were the acts of said company," does not require of the master a higher duty than that imposed upon him by the law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1161; Dec. Dig. § 293.*]

8. MASTER AND SERVANT (§§ 101, 102, 125*)—CARE IN FURNISHING PLACE TO WORK.

A master is not absolutely required to furnish reasonably safe tools and a safe place for

the servant, but his measure of duty is to use reasonable care in that respect; but, if the master knows or by the exercise of ordinary care could know that the tools furnished the servant or the place in which he is required to work are not reasonably safe, he has not discharged his duty to use reasonable care in the matter.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178, 179, 180–184, 192, 243–251; Dec. Dig. §§ 101, 102, 125.*]

9. MASTER AND SERVANT (§ 265*) — ACTIONS FOR INJURIES—BURDEN OF PROOF.

In an action for injuries to a servant, the burden is upon defendant to establish its plea of contributory negligence by a preponderance of the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

10. TRIAL (§ 260*)—INSTRUCTIONS—REPETITION OF CHARGE GIVEN.

Where the issue of contributory negligence in an action for injuries to a servant was fully and fairly submitted in the charge of the court, there was no error in refusing a special instruction on the issue, requested by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Orange County; W. B. Powell, Judge.

Action by W. D. Wright against the Yellow Pine Paper Mill Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Holland & Holland, of Orange, for appellant. V. A. Collins and O'Fiel & O'Fiel, all of Beaumont, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been caused by the negligence of appellant. Plaintiff's petition alleges, in substance, that on or about August 13, 1910, while plaintiff, who was then and had been for some time prior thereto in the employment of defendant in the capacity of digester helper in appellant's mill, was in the performance of the duties of his employment, the gasket under the lid of one of appellant's digesters blew out; that said blow-out produced a loud noise, which greatly frightened plaintiff, and filled the room in which plaintiff was at work with large quantities of steam fumes and vapor, which was laden with caustic potash and other acids used in the digester in the preparation of wood pulp for the manufacture of paper; that said steam vapor and fumes were dangerous to life, and "that plaintiff, being put in great fear and to save his life or himself from serious bodily injury, and being compelled to act in some way, suddenly made his escape by the only accessible way through a window, which was 33 feet from the ground, or from a gallery or platform around and on the outside of said building, within which was located said room; that plaintiff had placed and thrown his body outside of said window, but held onto the water table of the same by his hands until said hands were so scalded, parched, and burned, and he had become so tired and exhausted that he could no longer retain his hold, and his hold being thus made to give way, and it being impossible to go back by the way in which he had come, he fell to the ground, gallery, or platform below, a distance, as aforesaid, of 33 feet; and by reason of such fall plaintiff received serious and permanent bodily injuries, as the same are more specifically described hereinafter."

The allegations of negligence are as follows: "Plaintiff represents that said building in which he was employed to work, as aforesaid, was not properly constructed for the safety of the employés working therein, in this: That all of said windows should have been provided with a shed beneath each of said windows, and with ladders extending down the walls of said building, so as to afford a means of escape for the employés in cases as this of sudden and great danger and emergency; that such means of escape was necessary for their safety and could easily have been constructed by said defendant company; that it was known to said defendant that said explosions and others mishaps and accidents of a similar nature had happened in said building several times anterior to the time of the accident in which plaintiff was injured, but that with full knowledge of the want of said means of safety and of the said former blow outs and accidents from said digesters and in said building defendant negligently failed to provide a safe means of escape; that, if said means of escape had been provided, plaintiff could have escaped from said building with only slight injuries. Plaintiff avers that his injuries are the direct and proximate result of the negligence and carelessness of defendant, in this: In addition to the improper construction of the room as alleged, defendant knew, or by the exercise of ordinary care and diligence could have known, that the gasket between the lid of the digester-cooker was of unsound or unfit material, and was too rotten and weak to withstand the great strain and pressure that it was constantly placed under; but that plaintiff did not know of this defect, nor did defendant or its agents at any time give him warning of the unfitness or defectiveness of said gasket, and that by reason of the weakness and defects of same it exploded or blew out without warning to plaintiff, cutting him off from any possible escape, except by the manner in which he did escape, and plaintiff avers that he adopted the only means of saving his life; and that in escaping the greater injuries which he would have sustained by reason of the negligence and carelessness of the defendant, as aforesaid, he received the injuries complained of."

The defendant's answer, in addition to a general demurrer, numerous special exceptions, and a general denial, contains pleas of

assumed risk and contributory negligence, and plea that plaintiff had prior to the institution of this suit compromised and settled with defendant his claim for damages, and had released defendant from all further liability.

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $2,000.

The material facts shown by the evidence are as follows:

Defendant is a manufacturer of paper from yellow pine shavings, and plaintiff at the time of the accident was in its employ as a digester helper. He had been in its employ in this capacity for some time prior to the accident. The digesters are large vats in which the stock is cooked preparing it for paper making. They are about 28 feet in height and 6 or 8 feet in diameter, and are fed with steam through pipes connected with the boilers. At the top these digesters are covered by a heavy lid, and in this lid is a tongue which, when in place, fits in a groove on the top of the digester. This tongue is about an inch long, and the grove approximately the same depth. The lid when on is held in place by numerous bolts which are screwed down tight. A gasket is a piece of hydraulic packing that is placed in the groove on the top of the digester and below the tongue on the lid, so that, when the lid is placed in position and screwed tight, the hydraulic packing or gasket spreads out, and fills all minor crevices in the iron to prevent the escape of steam.

On the day of the plaintiff's injuries, he was in the performance of his duties in the digester room when the gasket in one of the digesters blew out. The explosion was accompanied with a loud noise, and great quantities of liquid pulp, steam, and vapor escaped from the digester into the room. This steam and vapor were scalding hot, and were impregnated with acid used in the preparation of the shavings and pieces of wood which by the cooking process of the digester was being converted into wood pulp. Plaintiff was greatly frightened by the explosion, and was thereby placed in imminent danger of serious bodily harm and possible loss of life from the liquid pulp, steam, and vapor escaping from the digester. To escape from this danger he got into the window nearest to the place at which he was at work when the explosion occurred, and to avoid contact with the steam and vapor let his body swing down on the outside of the building, supporting himself in this position by holding to the window sill with his hands. When he could no longer support himself in this position, and being prevented from getting back into the room by the continued discharge from the digester, he attempted to turn his body so that he could jump to the shed of a small building near by, and in so doing his hold on the window sill loosened, and he fell to the ground, a distance of 33 feet, and was injured as alleged in his petition. The blow-out was caused by the use of a defective gasket. The inferior quality and defective condition of this gasket was known to appellant's foreman, who placed it in the top of the digester a short time before the blow-out occurred.

[1-3] We conclude that the blow-out was due to the negligence of appellant in failing to provide a proper and sufficient gasket, and this was the proximate cause of appellee's injury. We also find that appellee was not in the circumstances guilty of contributory negligence in placing himself in the position from which he fell and was injured as before stated, and that he did not assume the risk of the injury received by him. The evidence also sustains the finding of the jury as to the amount of damages sustained by appellee by reason of his injuries.

These conclusions of fact dispose of appellant's first, second, and third assignments, which complain of the verdict on the grounds that the evidence shows that appellee's injuries were caused by his own negligence, that there is no evidence to show negligence on the part of appellant, and that the undisputed evidence shows that appellee assumed the risk of any injury caused by the blowing out of the digester. It would serve no useful purpose to discuss these assignments in detail.

[4] It is a well-settled principle of the law of negligence that, when one is forced to act hastily and without deliberation to avoid a real or apparent danger caused by the negligence of another, the failure of the person so called upon to act to use the safest means to avoid injury will not charge him with contributory negligence. Railway Co. v. Neff, 87 Tex. 308, 28 S. W. 283; Railway Co. v. Sein, 11 Tex. Civ. App. 386, 33 S. W. 558; Railway Co. v. Bryant, 54 S. W. 364; Railway Co. v. Byrd, 61 S. W. 147; Railway Co. v. Muske, 141 S. W. 565. The evidence in this case is amply sufficient to bring it within the rule above stated. If the rule were otherwise, it is not clear from the evidence in this case that appellee would have sustained less injury if he had attempted to escape from the room in some other way than that he availed himself of, nor is it clear from the evidence that, if he had remained in the room, he would not have received greater injury than he did by falling from the window.

[5] There was no error in the charge of the court complained of by the fourth assignment of error. The contention under this assignment is that the paragraph of the charge which relieved plaintiff of contributory negligence in placing himself in the position from which he fell, if in so doing he acted from "fear caused by a reasonable belief that he was in danger of serious bodily harm from the blow-out of the digester," submitted an issue not raised by the plead-

ings, in that the petition does not contain any allegation that plaintiff acted from fear arising from real or apparent danger but alleges that he "acted to save his life or himself from injury on account of real danger." The petition contains the following allegations: "Plaintiff, being put in great fear, to save his life or himself from serious bodily injury, and being compelled to act in some way suddenly, made his escape by the only accessible way through a window," etc. We think the distinction sought to be made by appellant is so fine that it is hardly discernible; but, be that as it may, we think the allegations of the petition before set out present the identical issue submitted by the charge. The sixth and eleventh assignments present the same question raised by the fourth and for the reasons stated cannot be sustained.

[6] The seventh assignment complains of the following portion of the charge: "Negligence is the failure to use ordinary care, and ordinary care is such care as an ordinary careful, prudent person would use or exercise under like or similar circumstances." This charge is sufficiently accurate in its definition of negligence. The terms "an ordinary prudent person" and "a person of ordinary prudence" are synonymous, and convey identically the same meaning. The addition of the word "careful" in the first term so as to make it read "an ordinary careful, prudent person," while it mars the simplicity of the term, does not change its meaning, and the charge must have given the jury a correct understanding of what constitutes negligence.

[7] The eighth assignment complains of the following paragraph of the charge: "Now, bearing in mind the foregoing, I charge you as follows: It is the duty of the employer to furnish to his employés reasonably safe tools and appliances with which to work, and a reasonably safe place in which to work, and any failure on the part of defendant to do either of these would constitute negligence on its part, provided it knew, or by the exercise of ordinary care could have known, of such unsafeness. And in this connection you are instructed that the acts of the foreman of defendant company were the acts of said company."

[8] The master is not absolutely required to furnish reasonably safe tools and a safe place for the servant in performing his work, but his measure of duty is to use reasonable care to furnish such tools and place for work. Railway Co. v. McCoy, 90 Tex. 264, 38 S. W. 36. If, however, the master knows, or by the exercise of ordinary care could know, that the tools furnished the servant or the place in which the servant is required to work is not reasonably safe, he has not discharged his duty to use reasonable care to furnish reasonably safe tools and a reason-

ably safe place for the work of the servant. The portion of the charge above quoted read as a whole does not require of the master a higher duty than that imposed upon him by the law and the assignment is without merit.

[9] The ninth assignment complains that the court erred in charging the jury that the burden was upon the defendant to establish its plea of contributory negligence by the preponderance of the evidence. This is a correct statement of the law in the abstract, and the form and position of the statement as it appears in the charge could not have misled the jury into the belief that in determining the question of contributory negligence they could only consider the evidence introduced by the defendant. The charge not being calculated to mislead the jury in this way, the court did not err in giving it. Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136; Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538.

[10] The issue of contributory negligence was fully and fairly submitted in the charge of the court, and there was no error in refusing the special instruction on this issue requested by the appellant.

None of the remaining assignments presents any question that requires discussion. We have considered each and all of the assignments, and none of them in our opinion presents any error that requires or would authorize a reversal of the judgment of the trial court.

It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.