## EL PASO ELECTRIC RY. CO. v. DAVIDSON.

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1913. Rehearing Denied Jan. 15, 1914.)

1. EVIDENCE (§ 506*)—OPINION—SUBJECTS OF EXPERT TESTIMONY.

Evidence by the motorman, whose car struck deceased's automobile, that, after he saw deceased was about to turn his automobile across the track, the street car could not have been stopped, by the use of any means within the motorman's power, in time to have avoided the accident was not admissible; that being the question for the jury's determination, and it being as well qualified to form an opinion thereon as an expert witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2309; Dec. Dig. § 506.*]

2. STREET RAILROADS (§ 118*)—INJURIES—INSTRUCTIONS—DISCOVERED PERIL.

It was not error to charge, in an instruction on discovered peril, that "after the motorman discovered the peril of deceased, if he failed to use all the means and appliances he had at command," etc., instead of charging that it was the motorman's duty to exercise ordinary care in using the means at hand, etc.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

3. STREET RAILROADS (§ 117*)—INJURIES—INSTRUCTIONS—DISCOVERED PERIL.

Evidence, in an action for the death of deceased in a collision between his automobile and defendant's street car, held to authorize submission of the question of discovered peril to the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

4. STREET RAILROADS (§ 118*)—INSTRUCTIONS.

An instruction, in an action for decedent's death in a collision between a street car and his automobile, that if the motorman saw the automobile moving toward the track and when it started to cross the track, and it reasonably appeared that decedent intended to cross in front of the car, and that it would not cross in time to avoid a collision and was in imminent peril of being struck by the car, and the jury further find that the motorman, after making such discovery, failed to exercise reasonable care, etc., was not erroneous, unless too favorable to defendant.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

5. STREET RAILROADS (§ 93*)—INJURIES—DISCOVERED PERIL.

If the motorman discovered decedent's peril on the track in time to have avoided a collision by the use of the means at hand to stop or slow the car, his failure to do so was negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 195–200; Dec. Dig. § 93.*]

6. TRIAL (§ 296*)—INJURIES—INSTRUCTIONS.

Any error in an instruction, in an action for decedent's death in a collision with a street car, in making contributory negligence depend on whether decedent, in the exercise of ordinary care, should have known that he would be struck, and not merely that he would "probably" be struck, was cured by another instruction that if decedent was negligent in not waiting for the car to pass before crossing the track, and his action in going in front of the car was not anticipated by the motorman in time to stop the car with the appliances at hand, plaintiff could not recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

7. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

A requested charge, which was substantially covered by the court's main charge, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Error to District Court, El Paso County; Dan M. Jackson, Judge.

Action by Minnie M. Davidson against the El Paso Electric Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Davis & Goggin, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error. Patterson, Wallace & Gardner, of El Paso, for defendant in error.

HARPER, C. J. This was an action brought by Minnie M. Davidson against the El Paso Electric Railway Company to recover damages of the defendant for the death of T. F. Davidson, plaintiff's husband. The plaintiff alleged in her petition that on or about the 30th day of August, 1912, while her husband was attempting to cross the defendant's street railway tracks on Stanton street in the city of El Paso, Tex., in his automobile, the automobile was struck by one of the defendant's street cars through the negligence of the defendant's servants, and her husband so badly injured by the collision that he died on the 3d day of September, 1912. The plaintiff, in her petition, charged negligence in the following respects: (1) In running the street car at unlawful, excessive, and dangerous rate of speed down Stanton street, without ringing the bell or giving any warning or notice of the approach of the street car. (2) In not keeping a lookout ahead in order to discover the deceased while he was approaching or attempting to cross the track in front of the street car. (3) In not stopping or attempting to stop the street car or slow the same down before the collision. The defendant, after interposing a general denial by special plea, set up contributory negligence on the part of the deceased, Davidson, alleging: That the death of Davidson was in no way attributable to any negligence of the defendant or its servants. That Davidson was under the influence of intoxicating liquor at the time the accident occurred to such an extent that he was incapacitated to run his automobile, and that he was guilty of negligence in attempting to do so. That the deceased was coming up Stanton street in his automobile on the right-hand side at a rapid rate of speed, while the defendant's street car was proceeding down Stanton street at the usual and customary rate of speed, but, just as the automobile and street car were about to

pass each other safely, Davidson suddenly turned his automobile to the left, across the car tracks immediately in front of defendant's approaching car. That this change of direction was so sudden, rapid, and unexpected that a collision could not be averted by defendant, and the street car and automobile came into collision through no fault of the defendant, but entirely through the fault of the deceased, Davidson. That Davidson could not have helped seeing the approaching street car, and that his so turning his automobile across the tracks immediately in front of the approaching car was negligence on his part and contributed to cause, and, in fact, was the sole cause, of the accident and injury. The trial resulted in a verdict and judgment for the plaintiff (January 20, 1913) in the sum of $5,000, from which judgment it comes to this court by writ of error for review.

[1] Under the first assignment of error, it is charged that the trial court erred in excluding the testimony of witness Alexander offered by the defendant to the effect that, after he saw that Davidson was about to turn his automobile across the track ahead of the street car, it could not have been stopped by the use of any means within the power of the motorman in charge in time to have avoided the accident; the objection to the testimony being that it was the opinion of the witness, and that the witness was not qualified to make the answer. The witness was on the front end of the car operating the car as motorman, and he testified that he had had experience in observing and estimating the speed at which street cars and automobiles run, and felt competent to express a fairly accurate opinion as to what speed the street car upon which he was motorman was running at the time and just before the accident, and also the automobile which came into collision with the car. It will be seen that the fact sought to be proven by the opinion of the witness was dependent upon many things, and the jury were there for determining the very question, and it was a question which in the nature of things the jury were as qualified to form an opinion about as the witness. Therefore was not a proper subject of opinion or expert testimony. San Antonio Traction Co. v. Flory, 45 Tex. Civ. App. 233, 100 S. W. 200.

The second assignment complains of the charge of the court, but the charge as a whole is not subject to the criticisms made.

[2] The third assignment of error complains that the trial court erred in charging, upon the question of discovered peril, "that after the motorman discovered the peril of deceased, if he failed to use all the means and appliances he had at command," etc., instead of charging that it was the duty of the motorman to exercise ordinary care in applying and using all the means at hand. This exact charge was approved in Texas

Central Ry. Co. v. Dumas, 149 S. W. 543 to 547. See, also, Texas & Pacific Ry. Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; San Antonio & Aransas Pass Ry. Co. v. McMillan, 100 Tex. 562, 102 S. W. 103; Ry. Co. v. Summers, 51 Tex. Civ. App. 133, 111 S. W. 211; Ry. Co. v. Sein, 11 Tex. Civ. App. 386, 33 S. W. 558; Ry. Co. v. Hewitt, 67 Tex. 473, 3 S. W. 705, 60 Am. Rep. 32; Ry. Co. v. Faust, 133 S. W. 449.

[3] The fourth, fifth, seventh, and eighth assignments charge that it was error to submit the question of discovered peril because there was no evidence that after the motorman discovered the deceased he could have stopped the car or slackened the speed so as to have avoided injury. The evidence is conflicting and possibly preponderates in favor of appellant's contention, but there is positive evidence in the record to show that the peril was discovered and in time to have avoided the accident. The following testimony, copied from appellee's brief, is relied upon as being sufficient to require the trial court to submit the question to the jury:

Mr. Martin, on behalf of plaintiff, testified as follows: "When the automobile started to turn across the street car track, the street car was just about entering Fourth street. At the time the street car was about entering Fourth street, the automobile was further on south, on the south side of Fourth street, and started to cross. At the time the street car was entering Fourth street, I would judge it was going about 12 or 14 miles an hour."

Tom Germain, who qualified as an expert, testified that the particular car No. 81, running 10 or 12 miles an hour, entering Fourth street by the use of all the means on said car consistent with the safety of the car and passengers, could have been stopped in half the length of the car. It was admitted by both parties that the street car No. 81 was 41.6 feet in length, and that Stanton and Fourth streets are 70 feet wide.

Frank Alexander testified as follows: "From the time I saw it I had left Third street and was about middle ways of the block when I seen this automobile, and he was further on down the street. I could not positively say whether he was next to Fifth street or not. I just noticed the lights, that was all. When I saw him I just noticed there was an automobile. I was going in Fourth street and he was still coming on the left-hand side of the track, coming to meet me; whenever he got up—just as I was into Fourth street—why, he just turned across ahead of me."

The evidence was undisputed that the accident occurred at about the intersection of the south line of Fourth and Stanton streets. Which we think was sufficient to support the charge and the verdict.

[4] The sixth assignment charges that: "The court erred in the sixth paragraph of the general charge, in that the same is con-

fusing and unintelligible. The court therein charged the jury, among other things, that 'If the motorman in charge of said car saw the deceased and the automobile moving toward the track and saw him when he started to cross the track, if he did, and you further find that it reasonably appeared to said motorman that deceased, or person in charge of said automobile, intended to cross the defendant's track in front of said moving car, and it would not cross the track in time to avoid a collision, and was in imminent peril of being struck by said moving car, if such was the fact and you do so find; and you further find from a preponderance of the evidence that the motorman, after making such discovery,' etc., 'failed to exercise,' etc., the words 'after making such discovery' are unintelligible, since the thing (the discovery) referred to as an antecedent cannot be identified—whether the discovery was the deceased and the automobile moving near the track, or whether the discovery was the deceased when he started to cross the track, or whether the discovery was the reasonable appearance to the motorman that the deceased intended to cross the track in front of its moving car, or whether the discovery was that the deceased would not cross the track in time to avoid a collision, or whether it was that the deceased was in imminent peril of being struck. But, if the court meant by the words 'after making such discovery' the discovery of the deceased and his automobile moving toward the track, it was certainly erroneous to say that the motorman was bound to 'use all the means and appliances at hand consistent with the safety' etc.; for motormen are not required, when they see anybody moving toward them or near their track, at a distance, to stop their cars; and the court erred in giving said instruction, and misled and confounded the jury to the prejudice of this defendant." The proposition being that the giving of a charge by the court which is confusing and misleading upon a material issue is reversible error.

[5] The charge, as may be seen, is not so clear as it might have been, but there was no special charge offered, no exception taken to same at the time, and, if carefully considered, it cannot be said that it did not substantially charge the proposition of law before the court, and accurately apply the facts, unless it is more favorable to defendant than it should be, in that it requires the jury to believe that the motorman in charge of the car discovered the automobile near the track, that the deceased started across the track, and it reasonably appeared to the motorman that deceased intended to cross the track, etc., when the law only required the jury to believe that the motorman in charge of the car discovered deceased's peril in time to have avoided a collision by the use of the means at hand to stop or slow up the car.

The ninth assignment of error reads:

"The court erred in the eighth paragraph of the main charge to the jury, because in said charge it makes the contributory negligence of the deceased dependent upon whether or not the deceased knew, or by the use of ordinary care should have known, that he would be struck by the car, and not if he knew that he would probably be struck, or might be struck, or could be struck, but that he would be struck by the car, and said charge was erroneous and prejudicial to the defendant, because the deceased's contributory negligence was made to depend upon his knowing or upon his duty to know that he would be struck by the car.

"Proposition: As to whether the deceased was guilty of contributory negligence was not dependent upon the question of whether by the use of ordinary care he knew or should have known that he would probably be struck by the car, nor that he could be struck by the car, but the question was, Would a man of ordinary prudence, under the surrounding circumstances, have done what Davidson did, turning in front of the car at the time and under those circumstances? And the charge given was well calculated to mislead the jury and induce the jury to believe that, in order to find Davidson guilty of contributory negligence, they must find that Davidson knew or ought to have known that he would be struck by the car, which is an erroneous statement of the law."

[6] If there was error in this charge, which is not conceded, it was cured by the following special charge given: "If you believe from the evidence that T. F. Davidson, deceased, was approaching north along the east side of Stanton street, and was about to turn west at the intersection of Fourth street, and that, in turning westerly into Fourth street, he was negligent in not waiting for defendant's street car to pass, or in not proceeding along said Stanton street toward the northerly or right side of Fourth street and passing around defendant's car along the right side of Fourth street, and that said T. F. Davidson was negligent therein, and that his act in passing in front of defendant's car and toward the left side of Fourth street was unseen and unanticipated by defendant's motorman in time for him to have stopped said car with the appliances in use upon said car, or to have therewith slowed down said car, and thereby avoided contact with said automobile, you will find for defendant."

The tenth and eleventh assignments read:

"The court erred in the eighth paragraph of the main charge in telling the jury that, if they found that the deceased was guilty of contributory negligence, they would find for the defendant, 'unless you find for the plaintiff under the last part of paragraph 6 of this charge.' The last part of paragraph 6 is as follows: 'Your verdict will be for the plaintiff, even though you may believe

that the deceased was guilty of contributory negligence,' because said instruction was, in effect, a peremptory instruction to, find for the plaintiff unless they believed the deceased was guilty of contributory negligence, and at least was calculated to confuse the jury and mislead them as to under what circumstances they would find for the plaintiff, and under what circumstances for the defendant.

"The court erred in refusing to give defendant's special charge No. 2, in which the jury were instructed as follows: 'If you believe from the evidence that the injuries of T. F. Davidson resulted from the negligence of the defendant's motorman, you will find for the defendant,' because said charge properly submitted the law applicable to the facts and the charge of the court being unintelligible and confusing, and authorizing the jury to find for the plaintiff whether the deceased was guilty of contributory negligence or not."

As the tenth and eleventh assignments of error raise substantially the same question, we will consider them together.

. [7] The charge is not subject to the criticism made, and it was not error to refuse the special charge because the proposition is substantially covered in the main charge of the court.

The twelfth assignment of error reads: "The court erred in refusing to give the defendant's first special charge instructing the jury to find a verdict for the defendant for the reason that the uncontradicted testimony showed that the deceased was guilty of contributory negligence, and showed a wanton disregard of his own safety, and his own negligence was the direct and proximate cause of the accident and injury, and because there was no testimony to show that those in charge of the car failed to use all the means within their power, consistent with the safety of the car and passengers therein, to stop the car as soon as they discovered the peril of the deceased or realized his danger," and has been disposed of by what has been said in reply to the appellant's ninth assignment, and the further observation that the evidence was sufficient to require the court to charge upon the two theories of negligence pleaded—negligence in failing to keep a look out and, stop the car, and that of discovered peril.

The thirteenth assignment reads: "The court erred in refusing to give the defendant's fourth special charge as follows: 'If you believe from the evidence that T. F. Davidson, deceased, was operating his automobile along the east side of Stanton street, and the defendant's street car was running south along the middle of said street, and that, about the time the said street car was entering the intersection of Fourth street, said Davidson turned his automobile across

the track in front of the defendant's car so suddenly and, unexpectedly that the defendant's motorman, in the exercise of due care, was not given sufficient time in which to stop his car or slow down the same so as to avoid contact with the automobile, you will find for the defendant.' Because the court had nowhere in its main charge or by any special charge given sufficient instructions to the jury as to the rules of law in the premises, and the defendant had the right to have the facts grouped as was done in this charge, and specifically submitted to the jury for its determination, as was done in said requested special instruction, and said charge being a correct presentation of the law and applicable to the facts, the court should have given said charge, and erred in not doing so to the prejudice of this defendant."

The proposition was sufficiently covered by the eighth paragraph of the court's main charge, and special charges given. This disposes of the fourteenth, fifteenth and sixteenth assignments of error, which are to the same effect. And the fifteenth and sixteenth practically exclude from the jury the question of discovered peril.

The assignments are therefore overruled, and the judgment affirmed.